Daly, J.
The applicant, Arthur J. McQuade, was surety for the good behavior of Martin Foley, who was charged with disorderly conduct. He claims that he subsequently “ surrendered” his principal by procuring his arrest by a police officer on duty. This was done at the request of the wife of the principal, who had originally made the charge against her husband, and who upon finding that he renewed his disorderly conduct called on the surety to notify him so that he might not be involved in any trouble.
The surety gave her a letter to Police Justice Patterson, who took the security, asking to surrender Foley. The justice could not be found at the time, and the surety then gave her a note to the police officer on post, asking him to re-arrest Foley, as he was on his bond, and did not wish him to do any damage while on bail. The note was deliv *674 ered to the officer by Mrs. Foley, when her husband became1 violent again, and Foley was arrested under the surrender and taken to the police station, and afterwards arraigned at the police court. Mrs. Foley swears that she appeared against him at the police court and afterwards at special sessions, and that in the latter court she stated that he was on trial on a surrender by the surety. She says that he was convicted, she thinks, on September 12, 1886. Judgment of forfeiture of the recognizance is said to have been entered on September 17, 1886.
The papers on this application are defective in not containing a certified copy of the undertaking and of the judgment of conviction. It would, also, seem, from the provisions of section 1461 of the consolidation act that the power of discharging the surety is vested in the magistrate who required the surety. There is no proof that such discharge was procured. If not and the principal was convicted of a new offense there would seem to be no ground for this application.
There may be a renewal of the motion upon the additional papers mentioned, and, also, upon proof of the? offense for which the conviction was had. The proceedings on the trial must be furnished.
Van Hoesen and Larremore, JJ., concur.